OPINION
{¶ 1} Plaintiff-appellant, Kawona Timberlake, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Quadri and John Jennings. For the following reasons, we reverse in part and remand.
 {¶ 2} On the afternoon of April 26, 2001, Quadri was driving a 1988 Volvo 760, owned by his father, John, northbound on Chesford Road. Quadri stopped at a red stoplight at the intersection of Chesford Road and Morse Road. When the light turned green, Quadri began turning right onto Morse Road. As Quadri turned right, the Volvo's back tires lost traction with the road and the Volvo began "fishtailing." Quadri lost control of the Volvo, drove it across the center line, and struck Timberlake's vehicle. Both Qaudri and Timberlake were injured in the resulting crash.
 {¶ 3} After this accident, the responding Columbus Police Officer determined that the Volvo spun out of control after Quadri drove through fluid left on the roadway by a third vehicle. Quadri averred in an affidavit that he did not see nor could he have seen the fluid prior to the accident. The police officer did not ticket Quadri for violating any traffic laws.
 {¶ 4} On March 10, 2003, Timberlake brought suit against defendants, alleging that Quadri, while acting as an agent or employee for John, negligently struck her vehicle causing her damages. When Timberlake filed her action, the common pleas court clerk issued an "Original Case Schedule" requiring the parties to file dispositive motions by January 15, 2004 and finish discovery by January 29, 2004.
 {¶ 5} On January 8, 2004, defendants filed a motion for summary judgment. In their motion, defendants argued that the sudden emergency doctrine excused any liability for negligence. Further, defendants argued that John was not liable because Quadri was not acting as his agent or employee at the time of the collision. In support of their motion, defendants attached Quadri's affidavit and a copy of the police accident report.
 {¶ 6} In response to defendants' motion for summary judgment, Timberlake filed a motion for a continuance so that she could conduct further discovery pursuant to Civ.R. 56(F). In this motion, Timberlake's counsel alleged that he needed more time to obtain an affidavit from Timberlake and the driver of the vehicle that left the fluid on the road. However, the motion did not state any reasons why counsel had not obtained these affidavits in the nine months since the action was filed. Further, no affidavit was attached to this motion to support the allegations contained therein.
 {¶ 7} On January 20, 2004, Timberlake filed a "Supplemental Memorandum to Plaintiff Kawona Timberlake's Motion to Withhold any Decision or in the Alternative to Deny the Motion for Summary Judgment." In this filing, Timberlake reiterated her request for a continuance pursuant to Civ.R. 56(F) and argued that the sudden emergency doctrine was inapplicable.
 {¶ 8} On February 15, 2004, the trial court issued a decision and entry denying in part and granting in part Timberlake's motion for a continuance. The trial court extended the time in which Timberlake had to file a memorandum contra to the motion for summary judgment until February 12, 2004. However, the trial court refused to extend the discovery cut-off date beyond January 29, 2004, the date specified in the "Original Case Schedule." Further, the trial court held that it would only "consider any discovery materials properly submitted with the summary judgment materials obtained on or before the Discovery Cut-off."
 {¶ 9} Two weeks after the trial court's February 12, 2004 deadline for filing the memorandum contra, Timberlake filed "Plaintiff's Supplemental Memorandum Contra Defendant's Motion to Dismiss and Affidavit." Despite this document's title, it was, in actuality, only Timberlake's affidavit, signed by Timberlake on the same day it was filed — February 26, 2004.
 {¶ 10} On March 1, 2004, defendants moved to strike Timberlake's affidavit, arguing that it was untimely. The next day, Timberlake filed a motion for leave to file her affidavit. In support of this motion, Timberlake asserted that she had been "previously unavailable" to sign the affidavit and defendants would not be prejudiced if the trial court considered the affidavit.
 {¶ 11} On April 5, 2004, the trial court issued its decision and entry striking Timberlake's affidavit and granting summary judgment to defendants. The trial court held that based upon the undisputed facts, the sudden emergency doctrine precluded Quadri from being liable for negligence and, in addition, John was not liable for Quadri's actions as a principal or employer. Timberlake appealed from this decision.
 {¶ 12} On appeal, Timberlake asserts the following errors:
[1.] The Trial Court erred in granting the Defendants' motion for Summary Judgment where the Defendants failed to set forth facts demonstrating that they were entitled to judgment as a matter of law.
[2.] The Trial Court erred in granting the Defendants' motion for Summary Judgment on the basis of a sudden emergency where the Defendants failed to prove all of the elements of a legal excuse.
[3.] The Trial Court erred when it considered a police accident report in granting the Defendants' motion for summary judgment where the police report was not accompanied by an appropriate affidavit and where the police accident report had been altered to include notations not on the original report.
[4.] The Trial Court erred in granting the Defendants' motion for summary judgment where it concluded that reasonable minds can come to but one conclusion and that conclusion being adverse to the party against whom the motion is against, that party being entitled to have the evidence construed most strongly in its favor, where the evidence is susceptible to construction that favors the Plaintiff.
[5.] The Trial Court abused it discretion when it granted the Defendants' motion to strike the Plaintiff's affidavit where the Plaintiff had not been available to sign the affidavit prior to time of submission and where the Plaintiff had moved the Court, pursuant to Ohio Civ.R. 56(f) [sic] for additional time to file.
 {¶ 13} Because they are potentially determinative of this appeal, we will address Timberlake's third and fifth assignments of error first.[1]
By her third assignment of error, Timberlake argues that the trial court erred in considering the police accident report because it was unauthenticated and included handwritten remarks that she alleges were not made by the police officer who completed the report. We find, however, that Timberlake waived these arguments.
 {¶ 14} If a party does not object in the trial court to the introduction of evidence submitted in support of, or in opposition to, a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal. Dick v. Columbus Athenaeum, Ltd.
(Dec. 5, 2000), Franklin App. No. 00AP-121 ("Generally, when a party fails to object to the introduction of evidence, the party waives the right to assign as error the introduction of the evidence."); Churchwellv. Red Roof Inns, Inc. (Mar. 24, 1998), Franklin App. No. 97APE08-1125 ("Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment, waive any error in considering that evidence under Civ.R. 56[C]."); Murray v. Bank One (1994), 99 Ohio App.3d 89, 96
("[A]ppellant has waived any error * * * since appellant failed to object to it when it was submitted * * *.").
 {¶ 15} Timberlake raised neither of her objections to the police accident report before the trial court. Therefore, we will not consider these objections on appeal. Accordingly, we overrule Timberlake's third assignment of error.
 {¶ 16} By her fifth assignment of error, Timberlake argues that the trial court erred: (1) when it refused to extend the discovery cut-off date and (2) when it struck her affidavit from the record. We disagree with both of Timberlake's arguments.
 {¶ 17} First, the trial court acted well within its discretion when it denied Timberlake's Civ.R. 56(F) motion to extend the time period in which to conduct discovery. According to Civ.R. 56(F):
Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court * * * may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other orders as is just.
Thus, a party who believes that it is unable to adequately oppose a motion for summary judgment with its own affidavit can seek a continuance so that it may conduct further discovery. Advanced Analytics Labs., Inc.v. Kegler, Brown, Hill Ritter, L.P.A., 148 Ohio App.3d 440,2002-Ohio-3328, at ¶ 69, quoting Gates Mills Invest. Co. v. Pepper Pike
(1978), 59 Ohio App.2d 155, 168-169. In doing so, that party must submit affidavits stating sufficient reasons why it cannot present facts supporting its opposition to the motion for summary judgment. Prohazkav. Ohio State Univ. Bd. of Trustees, Franklin App. No. 03AP-616, 2004-Ohio-1601, at ¶ 30. Mere allegations that a continuance is needed for the purpose of further discovery are not sufficient. Cassner v. BankOne Trust Co., N.A., Franklin App. No. 03AP-1114, at ¶ 14, quoting GatesMills Invest. Co., supra, at 169. Rather, the party must present a factual basis for the reasons it states that it needs the continuance. Id.
 {¶ 18} The provisions of Civ.R. 56(F) are discretionary, not mandatory. ABN AMRO Mortgage Group, Inc. v. Roush, Franklin App. No. 04AP-457, 2005-Ohio-1763, at ¶ 23. Thus, the decision whether to grant the continuance is within the trial court's discretion, and this court will only reverse that decision if the appellant can show that the trial court abused its discretion. Id.
 {¶ 19} In the case at bar, Timberlake filed a Civ.R. 56(F) motion in which her counsel requested additional time to obtain Timberlake's affidavit and an affidavit of the driver of the vehicle that left the fluid on the roadway. However, Timberlake's counsel failed to state any reasons why he needed additional time to obtain the affidavits, much less present a factual basis for those reasons in an affidavit. Accordingly, the trial court did not abuse its discretion in refusing to grant Timberlake a continuance to obtain affidavits.
 {¶ 20} Despite the lack of a continuance, Timberlake filed her affidavit on February 26, 2004 — two weeks past the February 12, 2004 deadline the trial court imposed for filing her memorandum in opposition and almost a month past the discovery cut-off date. Timberlake now argues that the trial court erred in striking this affidavit.
 {¶ 21} Like the decision to grant a Civ.R. 56(F) continuance, the decision to strike an affidavit as untimely is within the trial court's discretion, and this court will not reverse such a decision absent an abuse of discretion. Bush v. Dictaphone Corp., Franklin App. No. 00AP-1117, 2003-Ohio-883, at ¶ 76. Here, the trial court struck Timberlake's affidavit because she offered no reason for her failure to timely sign or file her affidavit. Given this lack of explanation, we conclude that the trial court was within its discretion to strike the affidavit.
 {¶ 22} Timberlake, however, argues that the trial court had a duty to consider her affidavit because it was filed before the trial court issued its decision and entry granting the summary judgment motion. To support her argument, Timberlake relies upon City of Norwalk v. Cochran (1995),108 Ohio App.3d 181, in which the Sixth District Court of Appeals held that an affidavit filed the day prior to the non-oral hearing date was timely and, thus, the trial court erred in refusing to consider it. This holding was based upon Civ.R. 56(C), which states, in part, that, "[t]he adverse party, prior to the day of hearing, may serve and file opposing affidavits."
 {¶ 23} Contrary to Timberlake's argument, Civ.R. 56(C) and theCochran decision do not permit an adverse party to file affidavits at any time prior to the issuance of a trial court's decision and entry. Rather, this precedent requires an adverse party to file all affidavitsby the day prior to the hearing date. Pursuant to the Supreme Court of Ohio's construction of Civ.R. 56(C) set forth in Hooten v. Safe AutoIns. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, the day of hearing, i.e., the day on which the trial court could consider and decide defendants' motion, was February 12, 2004.[2] Timberlake does not dispute that she did not file her affidavit until February 26, 2004. Thus, Timberlake's affidavit was untimely, and the trial court had the discretion to strike it.
 {¶ 24} Accordingly, we overrule Timberlake's fifth assignment of error.
 {¶ 25} We now turn to the merits of Timberlake's argument that the trial court erred in granting summary judgment to defendants. Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd.Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
 {¶ 26} By Timberlake's second assignment of error, she argues that the trial court erred in granting summary judgment to defendants because they did not present evidence proving each element required to establish the sudden emergency defense. We agree.
 {¶ 27} A driver who has failed to comply with a safety statute regulating the operation of motor vehicles may avoid liability for his negligence by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible. Bush v. Harvey Transfer Co. (1946),146 Ohio St. 657, paragraph two of the syllabus; Satterthwaite v. Morgan
(1943), 141 Ohio St. 447, paragraph two of the syllabus. A sudden emergency arises when a driver is confronted with an unexpected occurrence of a transitory nature that demands immediate reaction without time for reflection or deliberation. Mapes v. Opper (1983),9 Ohio App.3d 140, 141, quoting Miller v. McAllister (1959),169 Ohio St. 487, paragraph six of the syllabus. Thus, to invoke the sudden emergency doctrine, a defendant must establish:
(1) compliance with a specific safety statute was rendered impossible, (2) by a sudden emergency, (3) that arose without the fault of the party asserting the excuse, (4) because of circumstances over which the party asserting the excuse had no control, and (5) the party asserting the excuse exercised such care as a reasonably prudent person would have under the circumstances.
Steffy v. Blevins, Franklin App. No. 02AP-1278, 2003-Ohio-6443, at ¶ 27; Guthrie v. Wheeler, Franklin App. No. 04AP-243, 2004-Ohio-6442, at ¶ 6.
 {¶ 28} When moving for summary judgment on the basis of the sudden emergency defense, a defendant has a heavy burden because, generally, whether a defendant acted as a reasonably prudent person would have under the same circumstances is a jury question. Satterthwaithe, supra, at 453; Pennsylvania R. Co. v. Snyder (1896), 55 Ohio St. 342, paragraph three of the syllabus ("The question in such case is, not what a careful person would do under ordinary circumstances, but what would he be likely to do, or might reasonably be expected to do, in the presence of such existing peril, and is one of fact for the jury.").
 {¶ 29} In the case at bar, Quadri argues that he is not liable because he was confronted by a sudden emergency when he drove over slippery fluid left on the roadway by a third vehicle. Quadri asserts that his vehicle began "fishtailing" after he drove over the liquid, causing him to lose control and making compliance with the safety statutes impossible. Arguably, Quadri presented sufficient evidence to satisfy the first four elements of the sudden emergency doctrine. However, because there is little evidence in the record of the circumstances leading up to the collision, it is impossible to determine what a reasonably prudent person would have done in Quadri's shoes. Defendants presented no evidence describing the amount, location or nature of the fluid, or indicating how long after driving over the fluid Quadri's vehicle began "fishtailing," the severity and length of time his vehicle was "fishtailing," or what he did to try to control his vehicle. Without such information, factual questions remain regarding whether Quadri's actions were those of a reasonably prudent person presented with the same situation. Therefore, we conclude that the trial court erred in granting summary judgment to defendants based upon the sudden emergency defense.
 {¶ 30} Accordingly, we sustain Timberlake's second assignment of error.
 {¶ 31} Because we have determined that summary judgment in defendants' favor was unwarranted, we find that Timberlake's first and fourth assignments of error are moot.
 {¶ 32} Parenthetically, we note that Timberlake did not challenge on appeal the trial court's holding that John was not liable to Timberlake because Quadri was not his agent or employee at the time of the accident. Consequently, this decision neither addresses nor reverses that portion of the trial court's decision.
 {¶ 33} For the foregoing reasons, we sustain Timberlake's second assignment of error and overrule her third and fifth assignments of error. Further, we overrule Timberlake's first and fourth assignments of error as moot. Finally, we reverse the judgment of the Franklin County Court of Common Pleas in part and remand this cause to that court for further proceedings in accordance with law and this opinion.
Judgment reversed in part; cause remanded.
Bryant and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Timberlake's third and fifth assignments of error address what evidence was properly before the trial court when it considered defendants' motion for summary judgment. If we would sustain either assignment of error, we would have to remand this case for the trial court to reconsider its ruling in light of the absence of the police report and/or the addition of Timberlake's affidavit.
[2] Because a "trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment," a trial court cannot consider or decide a motion for summary judgment until the time limit for filing the response and reply briefs elapses. Hooten,
supra, at ¶ 40. Normally, in Franklin County, this means that a trial court cannot consider and decide a motion for summary judgment until 21 days after the motion is served. See Loc.R. 21.01 (giving an adverse party 14 days from the date of service to file a response brief and giving the moving party seven days from the date of service of the response brief to file a reply brief). Here, however, the operative date was February 12, 2004, because that was the date specified in the court's order for filing the memorandum contra and, when Timberlake did not file such a brief, the court did not have to wait for the time for filing a reply brief to expire.