OPINION
{¶ 1} Defendant-appellant, Rhonda K. Russell-Seitz nka Rhonda K. Russell-Graham, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, New Falls Corporation ("New Falls"). Defendant assigns a single error:
 1. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT WHEN THE AFFIDA-VITS *Page 2 
SUBMITTED BY APPELLEE IN SUPPORT OF ITS MOTION WERE BASED ON HEARSAY AND THE AFFIANT HAD NO PERSONAL KNOWLEDGE REGARDING ANY MATERIAL FACTS TO WHICH SHE HAD SWORN.
Because the trial court did not err in granting summary judgment, we affirm.
 {¶ 2} According to the evidence presented in connection with New Falls' summary judgment motion in the trial court, defendant, her then-husband Douglas L. Seitz ("Seitz"), and Fifth Third Bank executed a vehicle lease agreement on April 24, 2000. Under the terms of the lease, defendant and Seitz were to pay Fifth Third $379.97 monthly for 63 months. Defendant explains that she and Seitz subsequently were granted a divorce in the Franklin County Court of Common Pleas in case No. 01DR-003710, and the divorce decree awarded the leased vehicle to Seitz. Seitz, however, failed to make payments on the lease and abandoned the vehicle, and Fifth Third repossessed it. Significantly, defendant does not assert that Fifth Third released her from liability under the lease.
 {¶ 3} Pursuant to the lease terms, damages for breach of the lease were calculated as the sum of (1) $300 plus four percent of the vehicle's residual value, (2) the amount of the residual value, (3) the remaining monthly payments due on the lease, (4) the costs of collection, and (5) any taxes, fees and costs, minus (6) any unearned rent charges, (7) security deposit, and (8) proceeds from the sale of the vehicle. No collection costs were assessed against defendant; nor was any credit given for a security deposit. After subtracting the unearned rent charge and proceeds from the sale, a deficiency in the amount of $12,436.39 remained. Fifth Third eventually assigned the lease to New Falls. *Page 3 
 {¶ 4} On April 16, 2007, New Falls filed suit against defendant, amending its complaint on November 1, 2007 to reflect a request for damages equaling the deficiency. New Falls followed its complaint with a summary judgment motion filed on January 18, 2008. Defendant filed a memorandum contra on February 6, 2008, arguing that New Falls failed to support its motion with evidence complying with the requirements of Civ. R. 56(E). Although New Falls attached the affidavit of account representative Christie Cellars in support of its motion, defendant maintained that Cellars' affidavit was based solely on inadmissible hearsay.
 {¶ 5} New Falls filed a reply, attaching to it an additional affidavit of Cellars that explained in greater detail her knowledge of defendant's account. The trial court subsequently filed sua sponte an entry granting defendant leave to file a supplemental memorandum, with an affidavit, in response to New Falls' reply, noting that "[u]pon review, it would appear that any deficiencies in Ms. Cellars' original Affidavit have been corrected." (March 13, 2008 Entry, 2.) Defendant did not file anything further with the trial court.
 {¶ 6} In the absence of any further response from defendant, the trial court on April 17, 2008 granted summary judgment to New Falls in the amount of $12,436.39 plus interest. In her single assignment of error, defendant contends the trial court erred in granting summary judgment to New Falls because the affidavits New Falls submitted in support of its motion were based on inadmissible hearsay and were not made from personal knowledge.
 {¶ 7} An appellate court's review of summary judgment is conducted de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto *Page 4 Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. We apply the same standard as the trial court and conduct an independent review without deference to the trial court's determination. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107; Brown, at 711. We must affirm the trial court's judgment if any of the grounds the movant raised in the trial court support the judgment. Coventry Twp. v.Ecker (1995), 101 Ohio App.3d 38, 41-42.
 {¶ 8} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. All doubts or conflicts in the evidence must be construed most strongly in favor of the party against whom the judgment is sought.Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45.
 {¶ 9} Within those parameters, defendant argues neither of Cellars' affidavits complied with the requirements of Civ. R. 56. Under that rule, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ. R. 56(E). Noting Cellars "was never employed by the lessor, never engaged in the lease transaction, and was not even aware of the *Page 5 
transaction" between defendant and Fifth Third until at least four years after the leased vehicle was repossessed, defendant contends Cellars lacked personal knowledge of the lease transaction underlying New Falls' cause of action. (Defendant's brief, 6.)
 {¶ 10} Defendant, however, waived, or forfeited, any error by failing to object to the second affidavit after New Falls submitted it to the trial court. "If a party does not object in the trial court to the introduction of evidence submitted in support of * * * a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal." Timberlake v. Jennings, Franklin App. No. 04AP-462, 2005-Ohio-2634, at ¶ 14, citing Dick v. Columbus Athenaeum,Ltd. (Dec. 5, 2000), Franklin App. No. 00AP-121; Churchwell v. Red RoofInns, Inc. (Mar. 24, 1998), Franklin App. No. 97APE08-1125; andMurray v. Bank One (1994), 99 Ohio App.3d 89, 96.
 {¶ 11} Defendant's failure to object is particularly acute, as the trial court's sua sponte entry informed defendant that, in the trial court's opinion, Cellars' second affidavit cured the deficiencies in Cellars' first affidavit. Since defendant's opposition to New Falls' summary judgment motion rested upon the inadmissibility of Cellars' original affidavit, the trial court's clear indication that the deficiencies were rectified in the second affidavit made evident defendant's need to object specifically to the second affidavit. By failing to follow up on the opportunity the trial court offered defendant to object to Cellars' second affidavit, defendant appeared to concede that the second affidavit remedied the inadequacies presented in the first affidavit.
 {¶ 12} Defendant nonetheless contends that, even in the absence of an objection, the trial court erred in granting summary judgment as the second affidavit also fails to comply with Civ. R. 56(E)'s requirement that affidavits offered either to support or oppose *Page 6 
a summary judgment motion "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." A trial court, however, can consider non-complying documents in adjudicating a summary judgment motion when no objection to the documents is raised.Lytle v. Columbus (1990), 70 Ohio App.3d 99, 104, citing Rodger v.McDonald's Restaurants of Ohio, Inc. (1982), 8 Ohio App.3d 256; andFreedom Fed. Savings Loan Assn. v. GSW Assoc. (June 21, 1990), Franklin App. No. 89AP-1224. Thus, even assuming defendant is correct in asserting the second affidavit included information that was not admissible, the trial court did not err in considering it. Accordingly, defendant's assignment of error is overruled.
 {¶ 13} Having overruled defendant's single assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
 McGRATH, P.J., and KLATT, J., concur. *Page 1