[Cite as *Fox v. Bryan*, 2014-Ohio-1253.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tracy Fox, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-257 |
| | : | (C.P.C. No. 12 CV 001578) |
| Dale Bryan, | : | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| Nationwide Insurance Company et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 27, 2014

*Law Offices of Stanley B. Dritz, Stanley B. Dritz,* and *D. Chadd McKitrick,* for appellee.

*Poling Law,* and *Paul-Michael La Fayette,* for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Dale Bryan, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court denied appellant's motion for summary judgment.

{¶ 2} At all times relevant, appellant was employed as a police officer with the Madison Township police department ("the police department"). On July 28, 2010, Tracy Fox, plaintiff-appellee, and appellant were involved in an automobile accident in which the vehicle appellant was driving struck the rear of another vehicle and pushed it into the rear of appellee's vehicle.

{¶ 3}   On February 7, 2012, appellee filed a complaint sounding in negligence against appellant and the police department. Appellant claimed in his answer that he was acting within the course and scope of his employment with the police department at the time of the accident because he was working his part-time shift with the police department and had been picking up police equipment from a retailer at the time of the accident. Appellant was not wearing a police uniform at the time of the accident and was driving an unmarked Chevrolet Blazer owned by the police department. On February 14, 2012, appellee filed an amended complaint, asserting claims against appellant and her uninsured/underinsured motorists coverage carrier, Nationwide Insurance Company, but asserting none against the police department. Appellee voluntarily dismissed Nationwide as a defendant without prejudice on April 24, 2012.

{¶ 4}   On November 13, 2012, appellant filed a motion for summary judgment. On February 26, 2013, the trial court denied appellant's motion for summary judgment, finding there remained genuine issues of material fact as to whether appellant was acting within the course and scope of his employment at the time of the accident. Appellant has appealed the trial court's judgment, asserting the following assignment of error:

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S
> MOTION FOR SUMMARY JUDGMENT AS NO GENUINE
> ISSUES OF MATERIAL FACT EXIST AS TO WHETHER
> APPELLANT DALE BRYAN IS ENTITLED TO STATUTORY
> IMMUNITY PURSUANT TO R.C. 2744.03.

{¶ 5}   Appellant argues in his sole assignment of error that the common pleas court erred when it denied his motion for summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521,

2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 6}   When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial. Civ.R. 56(E); *Id.* If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 7}   The sole issue before us is whether there remains a genuine issue of material fact as to whether appellant was acting within the course and scope of his employment with the police department so as to be entitled to immunity under R.C. 2744.03(A)(6). R.C. Chapter 2744, the Political Subdivision Tort Liability Act, sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and their employees. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, ¶ 11. The statute "is the General Assembly's response to the judicial abrogation of common-law sovereign immunity. Its manifest purpose is the preservation of the fiscal integrity of political subdivisions." *Estate of Graves v. Circleville*, 124 Ohio St.3d 339, 2010-Ohio-168, ¶ 12, citing *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 453 (1994).

{¶ 8}   R.C. 2744.03(A)(6) grants employees of political subdivisions immunity from liability, unless any of three exceptions to that immunity apply. *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 21. Those exceptions are (1) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities (R.C. 2744.03(A)(6)(a)), (2) the employee's acts or

omissions were with malicious purpose, in bad faith or in a wanton or reckless manner (R.C. 2744.03(A)(6)(b)), and (3) civil liability is expressly imposed upon the employee by a section of the revised code.  R.C. 2744.03(A)(6)(c).

{¶ 9}   Here, as previously mentioned, the only issue before us is whether appellant was acting outside the scope of his employment at the time of the accident. If appellant was acting within the scope of his employment, appellant would be entitled to immunity pursuant to R.C. 2744.03(A)(6)(a). Appellant claims that he established he was on duty at the time of the accident in question. In support, he points to his own affidavit and the affidavit of Greg Ryan, the police chief for the police department. Appellant averred in his affidavit that, on the date in question, he was working an 8:00 a.m. to 1:00 p.m. shift for the police department. His supervisor, Captain James Glasure, directed him to pick up and order equipment for the police department at a store, On-Duty Equipment. Appellant averred that he was returning to the police department after picking up and ordering the equipment.  Appellant indicated in his affidavit that he was acting in the course and scope of his employment with the police department and operating a police department vehicle at the time of the accident.

{¶ 10}  Ryan averred in his affidavit that, based upon his personal knowledge of the matters attested to in his affidavit, appellant was working the 8:00 a.m. to 1:00 p.m. shift on the day of the accident; appellant was driving a police department vehicle; appellant was directed by Glasure to pick up and order equipment from On-Duty Equipment; and, at the time of the accident, appellant was returning to the police department after picking up and ordering the equipment. Thus, Ryan averred, at the time of the accident, appellant was acting in the scope of his employment with the police department.

{¶ 11} In response to appellant's motion for summary judgment, appellee relied upon her deposition testimony. Appellee testified in her deposition that appellant was not in uniform at the time of the accident and was driving an unmarked Chevrolet Blazer. Appellant apologized to her and told her, "I have insurance. Do what you have to do and definitely get it checked out." Appellant also gave her his business card. When asked whether she had an understanding as to whether appellant was working for the police department at the time of the accident, appellee responded, "I believe it was his day off. I don't think he was working at the time." However, appellee stated that she would have

had no reason to disagree with appellant if he claimed he was working at the time. She also testified that she would have no reason to disagree with appellant if he testified that he was running an errand for the police department when the accident occurred.

{¶ 12} Appellee counters that we should not consider appellant's and Ryan's affidavits because (1) they were untimely proffered with his reply memorandum when Civ.R. 6(C) and Loc.R. 57.02 require that affidavits be served with the motion for summary judgment, and (2) they contain several self-serving and conclusory statements that are not admissible as evidence for summary judgment proceedings. However, appellee did not object to the evidence submitted by appellant in support of his motion for summary judgment. Where a party does not object in the trial court to the introduction of evidence submitted in support of, or in opposition to, a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal. *Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 14-15, citing *Dick v. Columbus Athenaeum, Ltd.*, 10th Dist. No. 00AP-121 (Dec. 5, 2000); *Churchwell v. Red Roof Inns, Inc.*, 10th Dist. No. 97APE08-1125 (Mar. 24, 1998). Therefore, appellee's failure to object to the affidavits in the trial court waived any objection she may have had regarding the documents.

{¶ 13} However, despite appellee's failure to object to the affidavits submitted by appellant, we do not find Ryan's affidavit testimony persuasive. Affidavits submitted to support or oppose a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). "Information in affidavits that is not based on personal knowledge and does not fall under any of the permissible exceptions to the hearsay rule may be properly disregarded by the trial court when granting or denying summary judgment." *Cincinnati Ins. Co. v. Thompson & Ward Leasing Co.*, 158 Ohio App.3d 369, 2004-Ohio-3972, ¶ 13 (10th Dist.), citing *Pond v. Carey Corp.*, 34 Ohio App.3d 109, 111 (10th Dist.1986). Here, Ryan's affidavit does not appear to be based upon his personal knowledge. Ryan does not indicate how he was aware that Glasure directed appellant to pick up and order equipment from On-Duty Equipment or how he knew that, at the time of the accident, appellant was returning to the police department afterwards. Ryan does not indicate he

was present at the time of Glasure's order to appellant or at the time of the accident in order to acquire such knowledge. Thus, we cannot find Ryan's affidavit supports appellant's motion for summary judgment.

{¶ 14} Therefore, we must determine whether appellant's affidavit demonstrates there is no genuine issue of material fact or whether appellee's deposition testimony creates a genuine issue of material fact. After reviewing the evidence in a light most favorable to appellee, we find appellant's affidavit demonstrates there is no genuine issue of material fact. Appellant averred in his affidavit that he was working for the police department, driving a vehicle owned by Madison Township, and performing a job-related assignment at the direction of his supervisor at the time of the accident. Appellee failed to satisfy her reciprocal burden to set forth specific facts showing there is a genuine issue for trial. Nothing in appellee's testimony is relevant to whether appellant was actually on duty at the time of the accident. That appellant was not in uniform and was driving an unmarked vehicle is not indicative of whether he was in the course of his employment. Furthermore, while we understand appellee's reason for citing her testimony that appellant informed her after the accident that he had insurance, this fact, even if true, would not answer the ultimate question of whether appellant was, in fact, on duty at the time. At the time of this statement, appellant may have been unaware of his legal status and the impact of his employment on the circumstances. Although appellee testified that she believed it was appellant's day off and she did not think he was working at the time, she gave no basis for her belief. Unlike appellant's testimony regarding his employment status on the day in question, which arose from his personal knowledge of the circumstances, appellee's "belief" regarding his employment status was not based on any apparent knowledge of the underlying circumstances. That appellee's "belief" was without any basis is apparent from her subsequent testimony that she had no reason to disagree with appellant's claim that he was working and running an errand for the police department at the time of the accident. In short, appellee failed to set forth any rebuttal evidence to support her claim that appellant was not in the course of his employment for the police department at the time of the accident. Thus, we find appellant demonstrated there was no genuine issue of material fact, and reasonable minds could come to but one conclusion when viewing the evidence most strongly in favor of appellee and that

conclusion was adverse to appellee. Therefore, the trial court erred when it failed to grant summary judgment to appellant. Appellant's assignment of error is sustained.

{¶ 15} Accordingly, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

SADLER, P.J., and T. BRYANT, J., concur.

T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____