[Cite as *Citizens Banking Co. v. Parsons*, 2014-Ohio-2781.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Citizens Banking Company, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 11AP-480 |
| v. | : | (C.P.C. No. 11CVH-02-1838) |
| Grant R. Parsons et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on June 26, 2014

*Means, Bichimer, Burkholder & Baker Co., LPA, Dennis J. Morrison, Lisa Thomas Banal,* and *Jeffrey J. Madison,* for appellee.

*Freud, Freeze & Arnold,* and *Wayne E. Waite,* for appellants.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendants-appellants, Grant R. Parsons ("G. Parsons") and Denise E. Parsons, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, The Citizens Banking Company. For the reasons that follow, we affirm the judgment of the trial court.

I. BACKGROUND

{¶ 2} This matter arises out of the execution of two promissory notes in favor of appellee's predecessor in interest, Champaign National Bank ("Champaign"). On October 23, 2007, appellants executed a promissory note in the amount of $40,751.42 to finance the purchase of a 2008 Saab 9-7x Aero SUV ("Note 1"). Appellants also executed a

security agreement against the Saab in favor of Champaign and subsequently executed an amendment to Note 1, which modified both the payment amount and maturity date of Note 1. On October 2, 2007, G. Parsons executed a promissory note, individually, in the amount of $27,870.44 to finance the purchase of a 2007 Chevrolet Equinox LT, which included a security interest against the Chevrolet in favor of Champaign ("Note 2").

{¶ 3} On February 8, 2011, as the successor-in-interest to Champaign, appellee filed a complaint in the Franklin County Court of Common Pleas seeking money judgments on Notes 1 and 2, enforcement of its security agreements, and replevin of its collateral, the Saab and Chevrolet. According to the complaint, appellants defaulted under the terms of Note 1 by failing to make timely payments on Note 1, and G. Parsons defaulted under the terms of Note 2 by failing to make timely payments on Note 2. Attached to the complaint as exhibits were a certificate of merger between Champaign and appellee, Notes 1 and 2, the amendment to Note 1, the aforementioned security agreement for the Saab, and certificates of title for both the Saab and Chevrolet.

{¶ 4} On February 25, 2011, appellants filed an answer pro se.[1] Thereafter, appellee filed a motion for summary judgment alleging the notes had been accelerated, remained unpaid, and were in default. In support of their motion for summary judgment, appellee filed the certificate of merger between Champaign and appellee, appellants' answer, G. Parsons' voluntary petition to the United States Bankruptcy Court, a November 23, 2010 order of the United States Bankruptcy Court titled "Order Dismissing Case," and the affidavit of Christopher S. Welch, a vice president with appellee, the successor-in-interest to Champaign.

{¶ 5} Welch averred in his affidavit that appellee is the holder in due course of Notes 1 and 2. Welch also averred that appellants defaulted under the terms of Note 1 and that G. Parsons defaulted under the terms of Note 2 by failing to make payments as they came due. According to Welch, because of the default, appellee accelerated the balance due on each note. Welch testified that appellee is owed $30,078.26 on Note 1, together

---

[1] We note that the record refers to the February 25, 2011 filing as a "letter"; however, appellee treated this filing as an answer to appellee's complaint.

with interest at the default rate of 18 percent per annum, late charges, and other sums as provided in Note 1. Additionally, Welch testified that appellee is owed $14,556.51 on Note 2, together with interest at the default rate of 18 percent per annum, late charges, and other sums as provided in Note 2. According to Welch, the copied exhibits attached to appellee's complaint including Notes 1 and 2, the amendment to Note 1, and the security agreement are true and accurate copies of the original documents executed by appellants. Welch testified that all the testimony contained within his affidavit was based upon personal knowledge. Appellants did not file a response to appellee's motion for summary judgment but did file a pro se motion for lack of jurisdiction.

{¶ 6} In granting appellee's motion for summary judgment and denying appellants' motion for lack of jurisdiction, the trial court concluded that, because appellants failed to make payments as they became due under Notes 1 and 2, said notes were in default. As such, the trial court awarded appellee the amounts due under Notes 1 and 2 as denoted in Welch's affidavit and granted judgment in favor of appellee for replevin of both the Saab and Chevrolet. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 7}  Appellants bring the following assignments of error for our review:

> [I.] THE TRIAL COURT ERRED IN GRANTING CBC'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE AFFIDAVIT IN SUPPORT WAS IMPROPER AND NOT BASED UPON PERSONAL KNOWLEDGE.
>
> [II.] THE TRIAL COURT ERRED IN GRANTING CBC'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE RECORDS THE TRIAL COURT RELIED UPON WERE INADMISSIBLE HEARSAY.
>
> [III.] THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE CBC FAILED TO PRODUCE PAYMENTS AND PROPER ACCOUNT STATEMENTS, AND FAILED TO PROVE DEFAULT.

## III.  STANDARD OF REVIEW

{¶ 8}  Appellate review of summary judgments is de novo. *Titenok v. Wal-Mart Stores E., Inc.*, 10th Dist. No. 12AP-799, 2013-Ohio-2745, ¶ 6; *Coventry Twp. v. Ecker*,

101 Ohio App.3d 38, 41 (9th Dist.1995). Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181 (1997).

{¶ 9} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## IV. DISCUSSION

### A. First and Second Assignments of Error

{¶ 10} Because appellants' first and second assignments of error are interrelated, we address them together. In appellants' first assignment of error, they contend that the trial court erred in granting summary judgment in favor of appellee because Welch's affidavit does not comply with the requirements of Civ.R. 56(E). Specifically, appellants assert that Welch's affidavit contains inadmissible hearsay and is not based on the personal knowledge of the affiant. In appellants' second assignment of error, they argue that the trial court erred in relying on the exhibits submitted by appellee in support of their motion for summary judgment and referenced in Welch's affidavit because they were inadmissible hearsay.

{¶ 11} In response to appellants' first and second assignments of error, appellee argues that appellants have waived these arguments for purposes of appeal because of their failure to first raise these issues in the trial court.  In support, appellee cites to our decisions in *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468, and *New Falls Corp. v. Russell-Seitz*, 10th Dist. No. 08AP-397, 2008-Ohio-6514.

{¶ 12} In *Reasoner*, the plaintiff argued for the first time on appeal that the defendants improperly attached two documents to their motion for summary judgment, and, as such, the trial court erred in considering the documents in granting summary judgment in favor of the defendant.  Specifically, the plaintiff asserted that the trial court improperly considered a copy of a judgment filed in a previous action, as well as a copy of case law cited from another jurisdiction.  We determined that, because the plaintiff failed to raise these issues in the trial court, the plaintiff had waived these arguments on appeal.

{¶ 13} Similarly, in *New Falls*, the defendant asserted for the first time on appeal that the affidavit in support of the plaintiff's motion for summary judgment contained defects in violation of Civ.R. 56(E).  Specifically, the defendant argued that "the trial court erred in granting summary judgment against [the defendant] when the affidavits submitted by [the plaintiff] in support of its motion were based on hearsay and the affiant had no personal knowledge regarding any material facts to which he had sworn."  *Id.* at ¶ 1.  This court disagreed and affirmed the trial court's grant of summary judgment in favor of the plaintiff on two related grounds.

{¶ 14} First, we determined " '[i]f a party does not object in the trial court to the introduction of evidence submitted in support of * * * a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal.' "  *Id.* at ¶ 10, quoting *Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 14.  Accordingly, we concluded that the defendant had "waived, or forfeited, any error by failing to object to the * * * affidavit * * * submitted * * * to the trial court."  *Id.*  Relatedly, we concluded that "[a] trial court * * * can consider non-complying documents in adjudicating a summary judgment motion when no objection to the documents is raised."  *Id.* at ¶ 12.  Thus, we determined because the defendant did not raise any objection to the affidavit with the trial court, he waived that argument for purposes of appeal.  Moreover,

we concluded that, even if the affidavit included information that was not admissible, the trial court can consider non-complying documents in adjudicating a summary judgment motion when no objection to the documents was raised.

{¶ 15} Such principles have been reaffirmed by this court in *Wolfe v. AmeriCheer, Inc.*, 10th Dist. No. 11AP-550, 2012-Ohio-941, and *Columbus v. Abe Bahgat*, 10th Dist. No. 10AP-943, 2011-Ohio-3315, ¶ 16, wherein we determined that a trial court can consider non-complying documents in adjudicating a summary judgment motion when no objection to the documents was raised in the trial court. *See also Timberlake* at ¶ 14 ("If a party does not object in the trial court to the introduction of evidence submitted in support of, or in opposition to, a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal.").

{¶ 16} Here, appellee filed a motion for summary judgment and, in support of its motion, attached several exhibits including the affidavit of Welch, which incorporated several exhibits attached to appellee's complaint. In its decision granting appellee's motion for summary judgment, the trial court relied upon the affidavit of Welch and the aforementioned documents. The trial court's decision noted that appellee's motion was unopposed and that appellants did not offer any evidentiary opposition to the motion. The trial court issued its final order and entry granting summary judgment in favor of appellee on May 17, 2011.

{¶ 17} Now, for the first time on appeal, appellants argue both that the affidavit of Welch does not comply with Civ.R. 56(E) and that the documents referenced by Welch's affidavit and attached to appellee's complaint constitute inadmissible hearsay. Because appellants failed to raise these issues in the trial court, they have waived these arguments on appeal. Moreover, even if appellants are correct in their assertion that the exhibits in support of appellee's motion for summary judgment included inadmissible evidence, because no objection was raised in the trial court, the trial court did not err in considering the same.

{¶ 18} Appellants assert they raised these arguments in their pro se motion to stay and motion for relief from judgment. These motions, however, were both filed after the trial court granted summary judgment and after appellants filed their notice of appeal.

Because these filings were not before the trial court when it granted summary judgment, they are not a part of the record on appeal, and they may not be considered. *Franks v. Rankin,* 10th Dist. No. 11AP-962, 2012-Ohio-1920, ¶ 73 (it is well-settled that "[a]ppellate review is limited to the record as it existed at the time the trial court rendered its judgment").

{¶ 19} Accordingly, appellants' first and second assignments of error are overruled.

## B.  Third Assignment of Error

{¶ 20} In appellants' third assignment of error, they assert that the trial court erred in granting summary judgment in favor of appellee because appellee failed to demonstrate appellants defaulted on Notes 1 and 2.  Specifically, appellants argue that the affidavit of Welch was insufficient to support appellee's motion for summary judgment and that appellee was required to file account statements which demonstrated the amount due on the notes had been accelerated, that the notes were in default, and all the payments made by appellants.

{¶ 21} Appellants cite to *Chase Bank, USA v. Curren*, 191 Ohio App.3d 507, 2010-Ohio-6596 (4th Dist.), for the proposition that appellee was required to provide account statements demonstrating that they defaulted on the notes.  In *Chase*, the trial court granted summary judgment in favor of the plaintiff on its claim for monies owed on a credit card account.  In reversing, the *Chase* court concluded, in part, that the plaintiff was not entitled to judgment as a matter of law because they did not support their motion for summary judgment with admissible evidence that would allow the trial court to independently calculate the balance owed on the credit card account.  Specifically, the *Chase* court stated there was no admissible evidence, such as account statements, which listed the charges or debits and credits made on the account and permitted the calculation of the balance claimed to be due.  Appellants argue that, in light of *Chase*, appellee was required to provide the trial court with account statements that demonstrated they defaulted on the notes.

{¶ 22} Initially, we note that *Chase* is devoid of any discussion regarding a promissory note.  Indeed, at issue in *Chase* was monies owed on a credit card account, not a promissory note.  Unlike credit card accounts where the monies owed necessarily fluctuate, a promissory note is defined as " 'a written promise to pay a *certain* sum of

money at a future time, unconditionally.' " (Emphasis added.) *Morgan v. Mikhail*, 10th Dist. No. 08AP-87, 2008-Ohio-4598, ¶ 66, quoting *Burke v. State*, 104 Ohio St. 220, 222 (1922). Thus, we find *Chase* unpersuasive.

{¶ 23} Instructive on this issue, however, is our decision in *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95. In *Seimer*, the defendants executed a promissory note and mortgage in favor of the plaintiff in the amount of $245,000 to finance the purchase of a home. The defendants defaulted on the promissory note, and the trial court granted summary judgment in favor of the plaintiff. On appeal, we stated that "the affidavit of a loan servicing agent employee with personal knowledge, provides sufficient evidentiary support for summary judgment in favor of the mortgagee" as long as it contains all the averments necessary to support the motion for summary judgment. *Id.* at ¶ 19. Thus, contrary to appellants' assertions otherwise, we find that the evidence submitted by appellee was sufficient, and appellee was not required to submit account statements in support of its motion for summary judgment.

{¶ 24} "As a matter of law, a promissory note is considered a contract." *Morgan* at ¶ 66. As stated above, a promissory note is defined as a written promise to pay a certain sum of money at a future time, unconditionally. *Id.* The court's primary objective in construing a contract is to ascertain and give effect to the parties' intent, which is presumed to reside in the contractual language used. *Alternative Unlimited-Special, Inc. v. Ohio Dept. of Edn.,* 168 Ohio App.3d 592, 2006-Ohio-4779, ¶ 20 (10th Dist.).

{¶ 25} Here, the terms and meanings of Notes 1 and 2 and the relevant security agreements are uncontested. Indeed, appellants do not challenge that, under Notes 1 and 2 and the respective security agreements, a failure to make timely payments would put the notes in default and subject appellants to money damages and forfeiture of the automobiles. After review of Notes 1 and 2, as well as the respective security agreements, we find that appellee is entitled to judgment as a matter of law and that Welch's affidavit and the attached documents demonstrate the absence of a genuine issue of material fact such that the trial court did not err in granting appellee's motion for summary judgment.

{¶ 26} Accordingly, appellants' third assignment of error is overruled.

## V.  CONCLUSION

{¶ 27}  Having overruled appellants' three assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

_____