[Cite as *CAM Dev. Co., Ltd. v. Huntington Natl. Bank*, 2019-Ohio-1136.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CAM Development Company Ltd. et al., | : | |
| Plaintiffs-Appellants, | : | No. 18AP-6 |
| | | (C.P.C. No. 17CV-25) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| The Huntington National Bank et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 28, 2019

**On brief**: *Atkins and Atkins, Attorneys At Law, LLC*, and *Anthony McGeorge*, for appellants.

**On brief**: *Porter, Wright, Morris & Arthur LLP*, *James P. Botti*, *Jay A. Yurkiw*, and *Jason T. Gerken*, for appellee The Huntington National Bank.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} CAM Development Company, Ltd. ("CAM"), Bret Adams ("Adams"), and Adams Partners, Ltd., plaintiffs-appellants, appeal from the judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment to The Huntington National Bank ("Huntington"), defendant-appellee.

{¶ 2} In May 2006, CAM and Republic Bank ("Republic") executed an open-ended mortgage and note, pursuant to which CAM borrowed $1,167,500 and encumbered certain property on Horizon Drive in Upper Arlington, Ohio ("Horizon property"). Adams and the law firm of Adams, Babner, and Rasmussen, LLC ("law firm"), executed an

unconditional guarantee to pay the full amount of the note. Adams, Babner, and Rasmussen, LLC, subsequently became known as Adams, Babner & Gitlitz, LLC, which became known as Adams Babner, LLC, which became known as Bret A. Adams, Esquire, Ltd. (collectively "the law firm"). Bret A. Adams, Esquire, Ltd., subsequently dissolved.

{¶ 3} Republic merged into Citizens Bank ("Citizens") in April 2007. Citizens subsequently merged into FirstMerit Bank, N.A. ("FirstMerit") in April 2013. FirstMerit subsequently merged into Huntington in August 2016.

{¶ 4} CAM, Adams, and the law firm defaulted on the loan in June 2014, and Huntington accelerated the note and demanded full payment in March 2016.

{¶ 5} In July 2016, CAM paid $350,250 on the note in exchange for the release of certain collateral, resulting in a forebearance and loan-modification agreement in September 2016. The forebearance and loan-modification agreement required: (1) CAM to pay Huntington $10,000 on September 23, 2016, (2) tenants at CAM's Horizon property to make rent payments directly to Huntington, and (3) CAM to make a $570,000 balloon payment to Huntington by December 31, 2016. Appellants failed to meet these obligations.

{¶ 6} CAM proceeded to place two junior mortgages on the Horizon property in favor of third-party defendants Kristina B. Gerig and Troon Managements, Ltd., respectively.

{¶ 7} On January 2, 2017, CAM, Adams, and Adams Partners, Ltd., filed a complaint for declaratory judgment against Huntington alleging the forebearance agreement was unconscionable and entered into under duress. Huntington filed a counterclaim and third-party complaint, seeking, among other things, to foreclose on the Horizon property. On April 17, 2017, Huntington filed a motion for summary judgment. On December 4, 2017, the trial court granted Huntington's motion for summary judgment, awarding damages to Huntington and against CAM, Adams, and the law firm on the note and guaranty. On December 19, 2017, the court entered a final judgment and decree in foreclosure. Appellants appeal the judgment of the trial court, asserting the following assignment of error:

> The Trial Court abused its discretion by granting Appellee's Motion for Summary Judgment because here were genuine issues of fact and Appellee was not entitled to judgment as a

matter of law; furthermore, Appellant[s] w[ere] not afforded adequate due process.

{¶ 8} In their assignment of error, appellants argue the trial court erred when it granted summary judgment to Huntington. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 9} When seeking summary judgment on the grounds the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 10} In the present case, appellants argue the affidavit of Lisa Hefflinger that Huntington attached to its motion for summary judgment failed to meet the necessary requirements set forth in Civ.R. 56(E). Specifically, appellants contend Hefflinger's affidavit was not made on personal knowledge, she failed to set forth facts admissible in

evidence, she did not affirmatively demonstrate she was competent to testify to the matters stated in the affidavit, and sworn or certified copies of all papers she referred to in the affidavit were not attached or served with the affidavit.

{¶ 11} However, appellants never raised any argument with regard to the sufficiency of Hefflinger's affidavit in the trial court in responding to Huntington's motion for summary judgment. Appellants' memorandum contra Huntington's motion for summary judgment was one paragraph in length and focused on Huntington's lack of clear chain of title and inadequate discovery. Appellants never mentioned the Hefflinger affidavit. When a party fails to object in any way to the moving party's summary judgment evidence, a trial court is free to consider the evidence presented. *Leonard v. Georgesville Ctr., LLC*, 10th Dist. No. 13AP-97, 2013-Ohio-5390, ¶ 22, citing *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 14. Courts may even consider other forms of evidence than those specified in Civ.R. 56(C) if there is no objection to the evidence. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 17; *Wolfe v. AmeriCheer, Inc.*, 10th Dist. No. 11AP-550, 2012-Ohio-941 (a trial court can consider non-complying documents in adjudicating a summary judgment motion when no objection to the documents was raised in the trial court); *Columbus v. Bahgat*, 10th Dist. No. 10AP-943, 2011-Ohio-3315, ¶ 16. Furthermore, if a party does not object in the trial court to the introduction of evidence submitted in support of, or in opposition to, a motion for summary judgment, that party waives any error and, thus, cannot raise such error on appeal. *Timberlake v. Jennings*, 10th Dist. No. 04AP-462, 2005-Ohio-2634, ¶ 14; *see also New Falls Corp. v. Russell-Seitz*, 10th Dist. No. 08AP-397, 2008-Ohio-6514 (appellant's arguments that an affidavit attached to motion for summary judgment was hearsay and not based on the affiant's personal knowledge were waived by appellant's failing to raise them in the trial court); *Churchwell v. Red Roof Inns, Inc.*, 10th Dist. No. 97APE08-1125 (Mar. 24, 1998) (failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)).

{¶ 12} Applying the above authority to the present case, we find appellants have waived their arguments regarding the alleged deficiency of the Hefflinger affidavit, and, as such, we find the trial court could consider the affidavit when considering the motion for

summary judgment. Given this ground was the sole argument appellants raised in the assignment of error before us, we must overrule the assignment of error.

{¶ 13} Accordingly, appellants' sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and SADLER, J., concur.

_____