RINEHART, TREAS., APPELLEE, *v.* GOBERDHAN, APPELLANT; GOBERDHAN ET AL., APPELLEES.

(No. 80AP-469—Decided December 31, 1980.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Phillip M. Walther,* for appellee Dana G. Rinehart, Franklin County Treasurer.

*Mr. Cecil K. Goberdhan, pro se.*

McCORMAC, J.   Defendant-appellant, Cecil K. Goberdhan,

---

and his wife are the title owners of two parcels of land in Mifflin Township. On January 13, 1979, and January 20, 1979, these two parcels were advertised as delinquent in payment of real estate taxes pursuant to R. C. 5721.03. On September 21, 1979, the Franklin County Auditor filed a delinquent land tax certificate concerning the two parcels with the Franklin County Prosecuting Attorney, pursuant to R. C. 5721.13. On December 27, 1979, appellee Dana G. Rinehart (hereinafter appellee) brought an action in foreclosure against appellant in the Court of Common Pleas of Franklin County for delinquent land taxes, assessments, penalties and costs and moved the court for an order taxing as costs against appellant the amount for the preparation of a certificate of title. On April 13, 1980, appellee filed a motion for summary judgment. The trial court subsequently granted the motion, finding that there was no genuine issue of material fact and that appellee was entitled to judgment as a matter of law, and ordered the property to be sold unless appellant paid appellee the sum described in the summary judgment. Appellant has appealed from the trial court's determination and assigns as error that the judgment is against the manifest weight of the evidence because the foreclosure action was brought prematurely and because appellee refused to accept the payment of real estate taxes tendered by appellant on January 8, 1980.

Civ. R. 56(C), governing summary judgment, provides, in pertinent part, as follows:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

R. C. 5721.01(A) defines "delinquent" lands as " * * * all lands upon which the taxes and assessments, or either,

together with penalties, remain unpaid at two consecutive semiannual tax settlement periods."

R. C. 5721.03 provides, in part, as follows:

"Immediately after each settlement required under division (C) of section 321.24 of the Revised Code, the auditor shall make and certify a list and duplicate of all the delinquent lands in his county. If such list has not been previously published, the first of such lists shall contain all lands which have been or may be certified as delinquent and with respect to which an action to foreclose the tax lien thereon has not been filed. Lands which have been included in a previously published list shall not be included in the list provided for in this section. Lands on which the only unpaid taxes are amounts claimed in good faith not to be due in complaints pending under section 5715.19 of the Revised Code shall not be included in such list. In subsequent years such list shall contain only those lands which become delinquent during the year preceding such publication. * * * "

R. C. 321.24(C) provides that on or before August 10, in each year, the treasurer shall settle with the auditor for all the taxes and assessments that he has collected which were not included in the preceding February settlement.

Thus, pursuant to R. C. 5721.03, immediately after each settlement under R. C. 321.24(C), the county auditor shall certify as delinquent all lands in his county which have become delinquent during the preceding year or which have not been included in a previously published list. The auditor shall then cause the list of lands on the delinquent land list and duplicate to be published twice within 60 days after delivery of the duplicate from the auditor to the treasurer. The display notice shall be furnished by the auditor to the newspapers at least ten days before the first publication.

R. C. 5721.10 provides that the state shall institute foreclosure proceedings in the manner provided by R. C. 5721.01 to 5721.28, if the taxes have not been paid for one year after having been certified as delinquent.

R. C. 5721.13 and 5721.18 prescribe the procedure to be followed. R. C. 5721.13 provides that, one year after the auditor certifies a list of delinquent lands, he shall make in duplicate a delinquent land tax certificate of each tract included on the list, the original of which he shall file with the prosecuting

attorney. Then, under R. C. 5721.18, the prosecuting attorney shall, upon delivery to him of a delinquent land tax certificate, institute a foreclosure proceeding within a reasonable time thereafter unless the taxes, assessments, penalties and costs incurred in any foreclosure proceeding are paid prior to the filing of the complaint.

R. C. 5721.18[A] applies to all certificates delivered to the prosecuting attorney for which foreclosure proceedings are commenced before the end of the third year from the date on which the land was first certified as delinquent and all foreclosure proceedings not instituted under R. C. 5721.18(B). R. C. 5721.18(B) establishes an action *in rem* for foreclosure proceedings that are commenced by the filing of a complaint after the end of the third year from the date on which the delinquency was first certified.

Under the statutory scheme, land does not become delinquent until the taxes, assessments, and penalties have remained unpaid at two consecutive semiannual tax settlement periods. Thus, land does not even become delinquent until taxes, assessments and penalties have remained unpaid for at least a year. The treasurer settles with the auditor for all the taxes and assessments which have been paid on or before August 10. Immediately after this settlement, the auditor certifies a list and duplicate of all the delinquent lands in his county and advertises the lands as delinquent within 60 days after delivery of the duplicate to the treasurer. One year after the land appears on the delinquent land list, the auditor can make a delinquent land tax certificate on the land. The prosecutor can then institute a foreclosure proceeding within a reasonable time after the certificate is filed with him. Thus, a foreclosure action cannot be instituted on a particular tract of land until at least a year after the auditor has included the tract on the certified list of delinquent lands. This means that the property taxes have been due and unpaid for at least two years.

There is nothing in appellee's complaint or the affidavits filed with his motion for summary judgment to show how long appellant's real estate taxes had been due and unpaid so that his properties became "delinquent lands," or when his two parcels appeared on the delinquent land list. The affidavit of Harold Fike, Deputy Auditor, states that the two parcels were

advertised as delinquent on January 13, 1979, and January 20, 1979. Appellee's complaint, however, shows that a delinquent land tax certificate was filed with the prosecuting attorney on September 21, 1979, only nine months from the time the parcels were advertised as delinquent. Moreover, the complaint, itself, was filed on December 27, 1979, which may or may not have been a year from the time that the parcels were first certified as delinquent and included on the delinquent land list. A delinquent land tax certificate is prima facie evidence of the amount and validity of the taxes, assessments, penalties, and charges appearing due and unpaid on the parcel to which the certificate relates, and the nonpayment thereof (see R. C. 5721.18), but it is not prima facie evidence of the dates that the various required procedures took place. Although it is probable that appellee followed the proper procedure in instituting this foreclosure proceeding, appellee has not proven that appellant's real estate taxes remained unpaid for at least two consecutive semiannual tax settlement periods and that the complaint was filed at least a year after the parcels were first certified as delinquent. Thus, there is a factual issue as to whether the complaint was filed prematurely; hence, summary judgment was inappropriate.

Appellant also argues that there would have been no case if his tendered payment of real estate taxes on January 8, 1980, had been accepted. R. C. 5721.10 permits partial payment of delinquent taxes, assessments, and penalties during the year after a tract has been certified as delinquent on the delinquent land list without prejudice to the right of the state to institute foreclosure proceedings at the end of the year for any amount then remaining unpaid. R. C. 5721.25 provides that delinquent land may be redeemed before a foreclosure proceeding has been instituted, or after a foreclosure proceeding has been instituted and prior to the filing of an entry of confirmation of sale, by tendering an amount sufficient to pay the taxes, assessments, penalties and charges then due and unpaid and the costs incurred in the foreclosure proceeding as determined by the court. Delinquent land may also be redeemed after a judgment of foreclosure has been rendered, but prior to the time the land is first offered for sale, where the person entitled to redeem the land pays the costs of the foreclosure proceeding as determined by the court and

enters " \* \* \* into a written undertaking with the county treasurer for the payment of the taxes, assessments, penalties, and charges found to be due and unpaid \* \* \* by the judgment of foreclosure. The undertaking shall be paid in five consecutive and equal semiannual installments together with the full amount of current taxes and assessments then payable \* \* \* ." R. C. 5721.25.

R. C. 5721.10 permits partial payment of delinquent taxes, but it only applies during the one-year period of time after a tract has been placed on the delinquent land list. Even when partial payment is tendered under R. C. 5721.10, the prosecutor has the right to continue prosecution in order to collect any amount remaining unpaid. R. C. 5721.25 makes no provision for partial payment, other than pursuant to an installment agreement, and indicates that the full amount owed, including court costs, is to be tendered.

In his answer to appellee's complaint, appellant states that he received a tax notice requiring him to pay his taxes by January 30, 1980, and that he tendered payment of his taxes on January 8, 1980. Appellant further alleges that he received a receipt for his payment which was subsequently seized and mutilated by someone who refused to accept payment unless court costs of $256.12 were paid in advance. However, neither appellant nor appellee have submitted any written admissions, affidavits, transcripts or written stipulations concerning the nature and amount of appellant's alleged payment. Although appellant attached documentation to one of his memoranda in response to appellee's motion for summary judgment, indicating that he had tendered $89.32 in payment of his real estate taxes for the first half of 1979, this information was not properly before the court on appellee's motion for summary judgment. Therefore, because of the issues of fact concerning appellant's alleged payment, we conclude that the trial court erred in granting summary judgment.

If, on remand, the trial court finds that the instant action was filed in accordance with law, then appellee should proceed with the foreclosure action, giving appellant the opportunity to redeem his land by paying costs and entering into a written undertaking with the county treasurer for payment of the taxes, assessments, penalties and charges found to be due and unpaid by the judgment of foreclosure.

If, however, the trial court determines that the complaint was prematurely filed, the foreclosure action should be dismissed. Another foreclosure action may then be proper, but the treasurer should give appellant the opportunity to redeem his land before the action is instituted by paying the taxes, assessments, penalties and charges then due and unpaid and the costs as determined by the court. If the appellant does not pay the amount due at this time, he will be responsible for the full costs of another foreclosure proceeding, as well as the taxes, assessments and penalties found to be due and unpaid.

Also, in the event the instant action is found to be premature, no interest or penalty should be attached to the payment tendered by appellant on January 8, 1980, assuming such payment is found to have been tendered and rejected.

Appellee argues that appellant's brief may not be considered until proof of service is endorsed thereon or separately filed. In his reply brief, appellant states that a second copy of his brief containing proof of service was delivered to appellee. Moreover, even if we disregard appellant's brief, the issues of fact and law which render summary judgment inappropriate in this case are apparent from appellee's brief, the pleadings, and the affidavits submitted by appellee with his motion for summary judgment.

Appellant's assignment of error is sustained and the judgment of the trial court is reversed and remanded for a decision consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and REILLY, JJ., concur.