[Cite as *Leonard v. MBB Partnership*, 2016-Ohio-3534.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Edward Leonard, Treasurer,<br>Franklin County, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-956 |
| v. | | (C.P.C. No. 14CV-10307) |
| | : | |
| MBB Partnership et al., | | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

---

D E C I S I O N

Rendered on June 21, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Martin O. Ginnan*, for appellee. **Argued:** *Martin O. Ginnan*.

**On brief:** *Doucet & Associates Co.*, *L.P.A.*, and *Jonathan M. Layman*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, MBB Partnership ("MBB"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Edward Leonard, Treasurer, Franklin County, Ohio. For the reasons that follow, we affirm the judgment of the trial court.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 6, 2014, appellee filed a complaint, pursuant to R.C. 5721.18(A) and 323.35, seeking foreclosure on a lien of the State of Ohio for delinquent taxes, assessment, and penalties. MBB had acquired title to the real property at issue in 1987 by

deed of the administrator of the estate of Thelma V. Holloway, deceased.  On November 26, 2014, MBB filed an answer to the complaint.

{¶ 3}  On August 12, 2015, appellee filed a motion for summary judgment. Appellee submitted the affidavit of Eric Sells in support of the motion.  In his affidavit, Sells avers, in relevant part, as follows:

> 1.  I am the Supervisor of the Delinquent Tax Division of the Franklin County Treasurer's Office (the "Treasurer's Office"). My job duties include overseeing the maintenance of delinquent tax contracts, payment histories, billing records, and office files, including the Treasurer's tax duplicate and payments made on delinquent accounts.  I am, therefore, authorized to make this affidavit on behalf of the Treasurer's Office.
>
> 2.  The information contained in this affidavit is based on my personal knowledge and the records maintained by the Treasurer's Office.
>
> 3.  I have personally reviewed the tax payment history of Permanent Parcel Number 010-020248-00 as those records are maintained by the Treasurer's Office and said records reflect no payment has been made since November of 2007 for the delinquent taxes that were due at the time.
>
> 4.  The public records of the Franklin County Treasurer, as maintained in the Tax Duplicate, reflect that taxes are due to Franklin County in the total amount of $16,800.07 as to Parcel Number 010-020248-00.

{¶ 4}  In addition to Sells' affidavit, appellee attached the following documents to his motion for summary judgment: a certified copy of the deed to the property and a certified copy of a treasurer's tax bill for the property showing a balance due of $16,800.07 as of the second half of 2014.  MBB did not oppose the motion for summary judgment.  On September 24, 2015, the trial court issued a "Finding of the Court and Order of Sale," which provides in relevant part:

> The Court finds that there is due the plaintiff from the said defendant the sum of $18,088.39, which includes administrative costs, accrued taxes, assessments, penalties, and charges.  In addition thereto, any taxes, assessments, penalties, charges and interest not included in this finding

shall be paid pursuant to ORC 323.47. The Court finds that said sums are the first and best lien against their premises described in the complaint and that the plaintiff is entitled to recover the same from the sale of the premises.

{¶ 5} On October 19, 2015, MBB filed a timely appeal to this court from the judgment of the trial court.[1]

## II. ASSIGNMENT OF ERROR

{¶ 6} MBB's sole assignment of error is as follows:

The Trial Court erred in considering the affidavit of Eric Sells in granting summary judgment to Plaintiff. The affidavit contains inadmissible hearsay and fails to properly authenticate its attachments as business records.

## III. STANDARD OF REVIEW

{¶ 7} We review a summary judgment motion de novo. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 9. Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pursuant to Civ.R. 56(E), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶ 8} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The burden then shifts to the defending party to set forth specific facts showing that there is a

---

[1] We note that the complaint identifies several defendants, including MBB Partnership located both at 1313 and 1315 North 5th Street in Columbus, Ohio, and Larry Johnson located at 1315 North 5th Street, Columbus, Ohio. Only MBB Partnership has appealed from the judgment of the trial court. The trial court dismissed other "[u]nknown" defendants from the action.

genuine issue for trial. *Id.* If the defending party does not so respond, summary judgment, if appropriate, may be entered in favor of the party seeking affirmative relief. *Id.*

## IV. LEGAL ANALYSIS

{¶ 9} MBB's sole assignment of error does not challenge the sufficiency of the evidence submitted by appellee in support of the motion for summary judgment. Rather, it asserts only that the trial court erred in considering the affidavit of Eric Sells and the documents attached to appellee's motion in granting summary judgment for appellee. More particularly, appellant contends that Sells' affidavit contains inadmissible hearsay and is not based on his personal knowledge of the facts as required by Civ.R. 56(E). With regard to the documents, MBB claims that Sells' affidavit fails to set forth facts that would qualify such documents for admission under the business records exception to the hearsay rule. *See* Evid.R. 806(6).

{¶ 10} Appellee argues that MBB waived these arguments by failing to oppose the motion for summary judgment. We agree.

{¶ 11} In *Citizens Banking Co. v. Parsons*, 10th Dist. No. 11AP-480, 2014-Ohio-2781, Citizens filed a complaint against Parsons seeking money judgments on two notes, enforcement of its security agreements, and replevin of two automobiles. Citizens subsequently filed a motion for summary judgment, and, in support thereof, Citizens attached several exhibits including the affidavit of its vice president. The affidavit incorporated exhibits attached to appellee's complaint.

{¶ 12} Parsons did not oppose the motion, and the trial court granted summary judgment. In affirming the judgment of the trial court on appeal, this court stated:

> Now, for the first time on appeal, appellants argue both that the affidavit of Welch does not comply with Civ.R. 56(E) [personal knowledge] and that the documents referenced by Welch's affidavit and attached to appellee's complaint constitute inadmissible hearsay. Because appellants failed to raise these issues in the trial court, they have waived these arguments on appeal. Moreover, even if appellants are correct in their assertion that the exhibits in support of appellee's motion for summary judgment included inadmissible evidence, because no objection was raised in the trial court, the trial court did not err in considering the same.

*Id.* at ¶ 17. *See also Credit Invests., Inc. v. Obanion,* 2d Dist. No. 26129, 2014-Ohio-5799, ¶ 15 (citing *Parsons,* the Second District held that appellant waived hearsay and authentication objections to the affidavit relied on by the trial court in granting summary judgment where appellant never raised those objections in the trial court).

{¶ 13} In *Parsons,* this court applied the waiver rule articulated by this court in *Reasoner v. Columbus,* 10th Dist. No. 04AP-800, 2005-Ohio-468, and *New Falls Corp. v. Russell-Seitz,* 10th Dist. No. 08AP-397, 2008-Ohio-6514. In *Reasoner,* appellant argued that the appellees improperly attached two unauthenticated documents to their motion for summary judgment and that the trial court erred in considering the documents in granting summary judgment in favor of the appellees. This court determined that the appellant waived the alleged error for purposes of appeal by failing to raise it in the trial court. *Id.* at ¶ 12. Accordingly, we held that the trial court did not err in considering the two documents in granting summary judgment. *Id.* at ¶ 13.

{¶ 14} In *New Falls,* appellant asserted for the first time on appeal that the affidavit in support of appellee's motion for summary judgment contained hearsay and was not based on affiant's personal knowledge. *Id.* at ¶ 1. This court held that appellant waived any such challenges to the affidavit by failing to raise them in the trial court. *Id.* at ¶ 10. Accordingly, we held that the trial court did not err when it considered the affidavit in granting summary judgment in favor of the appellee.

{¶ 15} Here, as was the case in *Parsons, Reasoner,* and *New Falls,* MBB argues for the first time that the trial court erred when it considered Sells' affidavit and the documents attached to appellee's motion in granting summary judgment. Pursuant to the established rationale in *Parsons, Reasoner,* and *New Falls,* MBB waived the arguments raised in its assignment of error by failing to raise them first in the trial court.

{¶ 16} To the extent that MBB's brief asserts that the evidence submitted by appellee is insufficient to satisfy the statutory requirement for foreclosure, we disagree. Summary judgment is appropriate in a foreclosure proceeding brought by the county treasurer for delinquent real estate taxes when the public records show that the real estate taxes remained unpaid for at least two consecutive semi-annual tax settlement periods and that the complaint was filed at least one year after the parcels were first certified as

delinquent.  *Leonard v. Pilkington*, 10th Dist. No. 14AP-650, 2015-Ohio-1432, ¶ 15, citing *Rinehart v. Goberdhan*, 70 Ohio App.2d 270 (10th Dist.1980).  Pursuant to R.C. 5721.18(A), "[a] certified copy of the entry on the tax duplicate shall be prima facie evidence of such allegations and the validity of the taxes."  *Cuyahoga Cty. Treasurer v. Samara*, 8th Dist. No. 99977, 2014-Ohio-2974, ¶ 12; R.C. 5721.18(B)(3).

{¶ 17} A certified copy of the real estate tax bill for the second half of 2014 is attached to appellee's motion for summary judgment.  The tax duplicate lists delinquent taxes, penalties, interest, and special assessments for the subject property of $16,800.07.  Sells' affidavit states at paragraph three that "records * * * maintained by the Treasurer's Office * * * reflect no payment has been made since November of 2007 for the delinquent taxes that were due at the time."  As noted above, appellant filed the complaint for foreclosure on October 16, 2014.  Accordingly, on a de novo review of the evidence submitted by appellee, we hold that the trial court did not err in granting summary judgment.

{¶ 18}  For the foregoing reasons, we overrule appellant's sole assignment of error.

## V.  CONCLUSION

{¶ 19} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____