[Cite as *Eschborn v. Dept. of Transp*., 2018-Ohio-1808.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anne Eschborn, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-217 |
| v. | : | (Ct. of Cl. No. 2016-00171) |
| Ohio Department of Transportation, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 8, 2018

**On brief:** *Engler Law Firm*, and *David L. Engler*, for appellant. **Argued:** *David L. Engler*.

**On brief:** *Michael DeWine*, Attorney General, *Eric A. Walker*, and *Stacy Hannan,* for appellee. **Argued:** *Stacy Hannan*.

APPEAL from the Ohio Court of Claims

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Anne Eschborn, appeals the judgment of the Ohio Court of Claims granting Civ.R. 56(C) summary judgment to defendant-appellee, Ohio Department of Transportation ("ODOT"), in an R.C. 4112.01, et seq. gender discrimination lawsuit against the state. The Court of Claims held that Eschborn could not meet her burden of proof of her prima facie case of discrimination. For the reasons that follow, we reverse.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Eschborn began working at ODOT as an unclassified, seasonal Highway Tech 1 employee on January 12, 2015. ODOT terminated her employment on February 12, 2015. During her one-month tenure with ODOT, Eschborn's work was assigned by ODOT staff at the Gustavus post and in her role as a Highway Tech 1 she worked alongside three male employees. Eschborn operated a truck that plowed snow and spread salt on the roads

within ODOT's jurisdiction, patched potholes, "flagged," washed trucks, and swept the truck bays. (Eschborn Dep. at 7.) While she worked for ODOT, she was the only female employee at the Gustavus post.

{¶ 3} Eschborn contends that ODOT gave multiple reasons for her termination. Initially, she was told it was due to lack of work. After her termination, however, Eschborn received a letter from ODOT's director stating she had been terminated for not performing up to the standards expected of the position. Additionally, she was told she was terminated for her alleged use of foul language and sexual harassment.

{¶ 4} Eschborn admits that she was "making a joke" when she said to her coworkers that her former boss did not listen to her, "because I have tits and a pussy." (Eschborn Dep. at 43.) She also admits that she told one of her coworkers to "bite me" after he was repeatedly "badgering" her regarding her performance of her job duties. (Eschborn Dep. at 48-49.)

{¶ 5} On March 7, 2016, Eschborn filed a complaint in the Court of Claims alleging that ODOT terminated her employment because of her gender, in violation of R.C. 4112.01, et seq.

## II. ASSIGNMENT OF ERROR

{¶ 6} Eschborn presents for our review a single assignment of error:

> Plaintiff-appellant assigns an error that the trial court improperly granted summary judgment to defendant-appellee. More specifically, plaintiff-appellant maintains that the trial court, in violation of basic rules relating to summary judgment practice, made factual determinations that should have been made at a trial of this action.

## III. LAW AND DISCUSSION

### A. Standard of Review

{¶ 7} The Court of Claims granted ODOT's motion for summary judgment pursuant to Civ.R. 56(C), which requires that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 8} In *Rose v. Ohio Dept. of Rehab. & Corr.*, 173 Ohio App.3d 767, 2007-Ohio-6184, ¶ 18 (10th Dist.), this Court described its role in reviewing motions for summary judgment decided by trial courts:

> Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. When reviewing a trial court's decision granting summary judgment, we conduct an independent review of the record, and the appellate court "stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383.

{¶ 9} When reviewing an appeal of an order granting a motion for summary judgment, this Court uses the same standard of review as the trial court. *Freeman v. Brooks*, 154 Ohio App.3d 371, 2003-Ohio-4814, ¶ 6 (10th Dist.), citing *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992), *jurisdictional motion overruled*, 66 Ohio St.3d 1488 (1993). To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the nonmoving party, no genuine issue of material fact remains to be litigated and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978). A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151 (1974). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 10} A party seeking summary judgment for the reason that a nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and it must identify those parts of the record that demonstrate the absence of a genuine issue of material fact on the elements of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to support its claims. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* If the moving party satisfies its initial

burden, then the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. The nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond with specific facts showing there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

## B. Assignment of Error

{¶ 11} Eschborn argues that the Court of Claims "made factual determinations that should have been made at a trial of this action" and thus improperly granted summary judgment. (Eschborn Brief at 4.) R.C. 4112.02 prohibits discrimination based on a plaintiff's gender and provides:

> It shall be unlawful discriminatory practice:
>
> (A) For any employer, because of the race, color, religion, *sex*, military status, national origin, disability, age or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

(Emphasis added.)

{¶ 12} The Supreme Court of Ohio has explained that discrimination actions under federal and state law each require the same analysis. *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.*, 66 Ohio St.2d 192, 196 (1981); *Little Forest Med. Ctr. v. Ohio Civ. Rights Comm.*, 61 Ohio St.3d 607, 609-10 (1991). Ohio courts may look to both federal and state courts' statutory interpretations of both federal and state statutes when determining the rights of litigants under state discrimination laws. *Dautartas v. Abbott Laboratories*, 10th Dist. No. 11AP-706, 2012-Ohio-1709, ¶ 24, citing *Miller v. Potash Corp. of Saskatchewan, Inc.*, 3d Dist. No. 1-09-58, 2010-Ohio-4291, ¶ 16.

{¶ 13} The framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) is the basis for analyzing discrimination claims under both state and federal law. *Dautartas.* A plaintiff claiming discrimination in employment must first demonstrate a prima facie case of discrimination. *McDonnell Douglas* at 802. A plaintiff must prove discriminatory intent by either direct or indirect evidence. *Gismondi v. M & T Mtg. Corp.*, 10th Dist. No. 98AP-584 (Apr. 13, 1999). A plaintiff may directly establish a prima

facie case of discrimination by presenting evidence of any nature to show that the adverse employment action taken by the employer was more likely than not motivated by discriminatory intent. *Id.,* citing *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578 (1996). Eschborn has presented no direct evidence of discrimination. A plaintiff may indirectly establish a prima facie case of discrimination "by showing that: (1) he or she was a member of a statutorily protected class; (2) he or she was subjected to an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by, or that the removal permitted the retention of, a person not belonging to the protected class." *Tessmer v. Nationwide Life Ins. Co.*, 10th Dist. No. 98AP-1278 (Sept. 30, 1999), citing *Kohmescher v. Kroger Co.*, 61 Ohio St.3d 501, 594 (1991) (indicating that the above analysis applies to gender discrimination cases brought under R.C. 4112.02). *See also Goad v. Sterling Commerce, Inc.,* 10th Dist. No. 99AP-321 (June 13, 2000), following *McDonnell Douglas.*

{¶ 14} Termination of employment is by law considered to be an adverse employment action. *Tessmer*; *Crady v. Liberty Natl. Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir.1993).

{¶ 15} If a plaintiff establishes a prima facie case, a burden shifting occurs, causing the employer to have to articulate some legitimate, nondiscriminatory reason for the adverse employment action. If the employer satisfies this burden, the burden shifts back to the plaintiff to show "that the proffered reason was not the true reason" for the adverse employment action. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). This is has been referred to as a "pretense" for the offending action. *See, e.g., Bogdas v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-466, 2009-Ohio-6327, ¶ 15.

{¶ 16} The Court of Claims found that Eschborn failed to present a prima facie case of discrimination. The Court of Claims determined that Eschborn could satisfy the first three elements of her prima facie case but could not satisfy the last element because the evidence was insufficient to support the conclusion that a person outside the protected class replaced her or that other comparable, non-protected persons were treated more favorably.

{¶ 17} In her deposition, Eschborn testified that, to her knowledge, another ODOT employee, "Tiny," was sent to Gustavus after she left. Eschborn did not know Tiny's real name, only his nickname. He worked from ODOT's Cortland location. Eschborn stated

that she had worked one day filling potholes with Tiny, but he was driving the truck and she was flagging so she did not speak to him much.

{¶ 18} The Court of Claims weighed the evidence and made credibility determinations on summary judgment concerning the circumstances of Eschborn's replacement. The Court of Claims characterized Eschborn's testimony about Tiny as evidence of a redistribution of work, rather than evidence that he replaced her. This fact must be established at a trial (trials in the Court of Claims are limited to trials by the court and not by a jury), since reasonable minds could differ on this testimony before it is taken in context with a fully developed record through pretrial discovery, and the determination of this fact is material to Eschborn's claim for discrimination. Civ.R. 56. Also, there is evidence in the record to support a showing that Eschborn was treated differently than similarly situated male employees, all of whom commonly used foul language in the workplace. And Eschborn testified that initially she was told that there was no work to do because there was no snow. But approximately two days later, when she called her supervisor to ask if she would be called back, he told her she was being terminated for using foul language and sexual harassment. Subsequently, she received a letter from ODOT's director explaining she was terminated because she had "not been performing up to the standards expected for [the] position." (Def.'s Ex. A, attached to Eschborn Dep.)

{¶ 19} The Court of Claims also weighed the evidence regarding dissimilar treatment when it focused on Eschborn's testimony that she was not aware of any time someone was offended by the use of foul language in the workplace, especially when ODOT did not terminate the employment of any of the male employees for using foul language. The Court of Claims appears to have disregarded Eschborn's testimony that a reason she was given at one point for termination of her employment was her use of foul language even though foul language was regularly used by all the employees and she was the only female. The Court of Claims appears to not have considered all the evidence or to have determined credibility or weighed some evidence as more important and disregarded other evidence as less or not important in reaching summary judgment for ODOT. This would be permissible at trial, but it is not permissible on summary judgment. *Nationwide Mut. Ins. Co. v. Am. Elec. Power*, 10th Dist. No. 08AP-339, 2008-Ohio-5618, ¶ 29, citing *Santho v. Boy Scouts of Am.*, 168 Ohio App.3d 27, 2006-Ohio-3656, ¶ 16 (10th Dist.).

{¶ 20} The Court of Claims erred when it determined that Eschborn failed to make a prima facie case for employment discrimination by finding that she failed to provide evidence that she was replaced by someone outside the protected class or that ODOT treated comparable nonprotected persons more favorably than Eschborn. Eschborn testified that she was replaced by "Tiny," a male and a person not in her protected class (female). And Eschborn testified that the male employees were treated more favorably than she was because their employment was not terminated for using foul language. ODOT cannot show that no evidence exists in the record, taken in a light most favorable to Eschborn, to support a prima facie case for her discrimination claim. And ODOT has not offered evidence that would sustain its burden on summary judgment that it terminated Eschborn's position for a nondiscriminatory reason, so as to require Eschborn to offer evidence of pretense such that "the proffered reason was not the true reason." *Texas Dept.* at 256. To be entitled to summary judgment, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. The Court of Claims erred in granting ODOT's motion for summary judgment.

{¶ 21} We note that, during oral argument to this Court, ODOT argued that Eschborn's testimony about her replacement was hearsay and that the Court of Claims could not consider it on summary judgment because "[w]hen ruling upon a motion for summary judgment, a trial court only considers admissible evidence." *Guernsey Bank v. Milano Sports Ents., LLC*, 177 Ohio App.3d 314, 2008-Ohio-2420, ¶ 59 (10th Dist.). Eschborn testified at one point that someone told her that Tiny had replaced her. At another point, Eschborn testified that "[t]o my knowledge, Tiny went up there." (Eschborn Dep. at 49.) When asked to clarify, "[s]o to your knowledge, he replaced -- he was sent up to Gustavus after you left?" She responded "Yes." (Eschborn Dep. at 50.)

{¶ 22} "Hearsay is any statement, other than the one which is made by the declarant at trial, which is offered in evidence to prove the truth of the matter asserted." *Fannie Mae v. Bilyk*, 10th Dist. No. 15AP-11, 2015-Ohio-5544, ¶ 13. ODOT failed to object to all or a part of Eschborn's testimony before the Court of Claims and cannot now assert error without having given the Court of Claims a chance to consider the objection to the evidence offered. Since no objection was raised before the Court of Claims, ODOT has waived this argument

for appeal purposes.  Even upon a de novo review we find no error in the evidence being a part of the record considered by the Court of Claims.  *See Leonard v. MBB Partnership*, 10th Dist. No. 15AP-956, 2016-Ohio-3534, citing *Citizens Banking Co. v. Parsons*, 10th Dist. No. 11AP-480, 2014-Ohio-2781; *Reasoner v. Columbus*, 10th Dist. No. 04AP-800, 2005-Ohio-468; *New Falls Corp. v. Russell-Seitz*, 10th Dist. No. 08AP-397, 2008-Ohio-6514.

## IV.  CONCLUSION

{¶ 23} The Court of Claims erred in granting ODOT's motion for summary judgment.  Accordingly, we sustain Eschborn's assignment of error and reverse the judgment of the Ohio Court of Claims.

*Judgment reversed and cause remanded.*

**KLATT and SADLER, JJ., concur.**

_____